# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH L. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2667 AGF |
| | ) | |
| ALEX OFFITT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Keith L. Griffin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Upon consideration of the financial affidavit provided with the application, the Court finds that the plaintiff is financially unable to pay any portion of the fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's complaint, however, this action will be dismissed for failure to state a claim and lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff has filed this case on a court-approved form for employment discrimination. As to the nature of the discrimination, plaintiff checks that he is bringing the case under the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of disability.

Several pages appear to be missing from plaintiff's complaint, most notably his statement of claims. In his request for relief, plaintiff states his request in its entirety as follows:

> Appoint my pleading for this lawsuit against the Vatterott school of endanger[ed] and false statement of abandonment of my family that criminal act toward my family due to a prolog filing that could have been prevented.

This lawsuit is one of four that plaintiff has filed recently in this Court. *See Griffin v. Vatterott*, No. 4:17-CV-2632 DDN (E.D. Mo. filed Oct. 26, 2017) (dismissed for lack of jurisdiction and maliciousness); *Griffin v. Vatterott*, No. 4:17-CV-2657 RLW (E.D. Mo. filed Oct. 30, 2017) (dismissed for failure to state a claim and lack of subject matter jurisdiction); *Griffin v. Jack-en-Box*, No. 4:17-CV-2668 SNLJ (E.D. Mo. filed Oct. 31, 2017) (pending). Like his two prior cases that were dismissed on initial review, here plaintiff seems to allege that

Vatterott College has harmed him in some way. He names Alex Offit as the sole defendant, but does not identify Offit and makes no factual allegations against him.[1]

## Discussion

At the outset, the Court notes that even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure. Plaintiff has failed to do so in this case. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000); Fed. R. Civ. P. 8(a)(2) (complaint should contain "short and plain statement" of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be "simple, concise, and direct"); Fed. R. Civ. P. 10(b) (parties are to separate their claims into paragraphs, "each limited . . . to a single set of circumstances").

Liberally construing plaintiff's complaint, he has not alleged any employment discrimination based on the Rehabilitation Act. He has not alleged any employer, any discrimination, or any disability. Plaintiff has never alleged in any of his four cases with this Court that he has been employed by Vatterott College or Mr. Offitt. Plaintiff has failed to state a claim on which relief may be granted, and the Court will dismiss his action.[2] *See* 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court will dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff's action does not appear to arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Nor has plaintiff alleged any diversity of citizenship between himself and defendant Offitt or any amount in controversy. *See* 28 U.S.C. § 1332.

---

[1] In *Griffin v. Vatterott*, No. 4:17-CV-2657 RLW, plaintiff identifies Mr. Offitt as the Director of Vatterott College. *Id.* at ECF No. 1.

[2] Because the Court finds plaintiff has failed to state a claim upon which relief may be granted, it will deny plaintiff's motion to appoint counsel. [ECF No. 4]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process on the complaint because the complaint is subject to dismissal for failure to state a claim and lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2017.